IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Owens, #279084       )<br>                                                    )<br>                         Plaintiff,     )<br>                                                    )<br>v.                                                )<br>                                                    )<br>SCDC, et.al.,                               )<br>                                                    )<br>                         Defendants.  )<br>_____) | Civil Action No. 8:09-278-GRA-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the plaintiff's motion for a protective order/injunction and/or motion to appoint counsel. (Dkt. # 14.)

The plaintiff seeks an order directing the defendant the South Carolina Department of Corrections ("SCDC") to update its law library; order the plaintiff a pair of orthopedic shoes or let the plaintiff receive shoes from outside the facility where he is incarcerated; and to stop visual cavity searches. The plaintiff also seeks the appointment of counsel. The court has construed this motion as one for a preliminary injunction or a temporary restraining order ("TRO") and a motion to appoint counsel.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order

may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Further, in considering whether to issue an injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief

2

is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

First, the plaintiff is seeking an order requiring the defendant the SCDC to update its library. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries . . . . " *Bounds v. Smith,* 430 U.S. 817, 828 (1977). However, this does not mean that prisons must provide inmates with completely unrestricted access to such facilities. While total denial of access to legal research materials is unconstitutional, prisons may impose reasonable restrictions on such access as long as inmates can continue to conduct "meaningful" legal research. *Williams v. Leeke,* 584 F.2d 1336, 1340 (4th Cir.1978). Meaningful legal research means access to resources that are "adequate to permit an inmate to explore possible theories of relief, determine the facts that must be present to make out claims under any available theories, and to frame pleadings before the federal or state courts should he wish to do so." *Strickler v. Waters,* 989 F.2d 1375, 1386 (4th Cir.1993). In order to establish a violation of his right to access to the courts, an inmate must demonstrate with some specificity that this right was interfered with, and must also show that this interference with his rights resulted in some sort of actual injury. *Lewis v. Casey,* 518 U.S. 343, 349 (1996).

In the present case, the plaintiff has failed to establish any sort of evidence that would lead this court to believe that the defendants have somehow denied him meaningful access to the court system, nor has he shown how such an alleged rights

3

violation caused him actual injury. Accordingly, the plaintiff's motion for a protective order directing the defendant the SCDC to provide a law library should be denied.

Second, the plaintiff is seeking an order requiring the SCDC to order orthopedic shoes for the plaintiff or allow him to order them. The plaintiff has not shown that irreparable harm is likely if his motion is denied. Even assuming that the defendant has failed to provide the plaintiff with orthopedic shoes, the plaintiff has not established that he will not suffer irreparable harm. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Accordingly, the plaintiff's motion for a protective order directing the ordering of orthopedic shoes should be denied.

Third, the plaintiff is seeking an order prohibiting visual body cavity searches. First, the undersigned notes that the plaintiff specifically complains about the officials at the Perry Correctional Institution. (Pl.'s Mot. at 2.) The plaintiff was transferred in February 2009 (Dkt. # 10) and is now being housed at the McCormick Correctional Institution. Therefore, the plaintiff's request is now moot. Furthermore, visual cavity searches have been upheld by the United States Supreme Court. *Bell v. Wolfish,* 441 US 520, 558-61 (1979). Additionally, the plaintiff has not shown that he will eventually succeed on the merits. Accordingly, the plaintiff's motion for a protective order prohibiting visual cavity searches should be denied.

Finally, as to the plaintiff's motion for counsel, the undersigned notes that there is no constitutional right to have counsel appointed in a civil case. *Whisenant v. Yaum*, 739

F.2d 160, 163 (4th Cir. 1984). This court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). The court, however, may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir.1993) (quoting *Whisenant,* 739 F.2d at 163). After a review of the pleadings and other documents the plaintiff has filed with the court, the court finds that, at this time, this is not the type of case which presents factors that clearly reflect a need for the plaintiff to have counsel appointed. The case itself is not atypically complex and the plaintiff has shown himself more than able to represent his interests to this point in the lawsuit. Further, the plaintiff's participation in this case, thus far, has been more than adequate. Accordingly, his motion for the appointment of counsel should be denied.

Wherefore, it is RECOMMENDED that the Plaintiff's Motion for a Protective Order and for the Appointment of Counsel (Dkt. # 14) be DENIED.

**IT IS SO RECOMMENDED.**

_Bruce H. Hendricks_
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

May 28, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).