UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher Owens, #279084, ) | |
| ) | C/A No.:8:09-278-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| SCDC, Warden McCall, Asst Warden ) | |
| Claytor, Asst Warden Mauney, Major ) | |
| Bush, Lt FMU Monroe, SGT NFN Cotter ) | |
| Lt NFN Haroff, Investigator NFN Shugart ) | |
| STG NFN Pearson, Officer NFN McBee ) | |
| Officer NFN Dillard, Nurse Jean Rutledge ) | |
| Nurse Amy Enloc, Doctor Alewine, ) | |
| Director John Ozmint, Food Supervisor ) | |
| Bob Olsen, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on May 28, 2009. Plaintiff filed the motion on May 6, 2009. The magistrate now recommends that the plaintiff's motions for Protective Order, Injunction and Appointment of Counsel be DENIED. For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to

allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d

44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The plaintiff filed objections on June 4, 2009. Plaintiff's Objections merely reargue and restate the issues that were set forth in his Motion. The plaintiff's first objection is that he is at a disadvantage because he does not have the up to date cases that the defendants have. His last objection is based on the same issue. He argues he will not be able to litigate effectively without the up to date cases. This objection is without merit. The Plaintiff is not entitled to a state of the art law library. He is entitled to resources that are "adequate to permit an inmate to explore possible theories of relief, determine the facts that must be present to make out claims under any available theories, and to frame pleadings before the federal or state courts should he wish to do so." *Strickler v. Waters*, 989 F.2d 1375, 1386 (4th Cir. 1978). The plaintiff has not been denied access to the Court system nor can he show an actual injury. The plaintiff is not entitled to injunctive relief.

The plaintiff also objects to the Court not issuing an injunction for orthopedic shoes. He states that without the shoes, his feet will only get worse. This objection is also without merit. He has not shown a likelihood of success on the merits or irreparable harm as required by Rule 65.

The plaintiff also objects to the magistrate recommending a denial of the injunction requested against visual cavity searches. As properly stated by the

magistrate, the Supreme Court has stated that visual cavity searches are Constitutional. *See Bell v. Wolfish*, 441 U.S. 520, 558-561 (1979). Since visual cavity searches are constitutional so long as reasonable, the plaintiff can not show a likelihood of success on the merits. The injunction must be denied.

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this court adopts it in its entirety.

IT IS ORDERED that the Motion for an Injunction be DENIED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

June 16, 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**